

**FILED**

JAN  23  2022

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |
|---|
| K.J. and J.S.,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. |

Case: 1:22−cv−00180
Assigned To : Boasberg, James E.
Assign. Date : 1/23/2022
Description: Gen. Civil (E−DECK)

Civil Action No.

Chief Judge Beryl A. Howell

### MEMORANDUM AND ORDER

Plaintiffs have moved to proceed pseudonymously, Pls.' Mot. to Proceed Under

Pseudonyms and to Seal Other Personally Identifiable Information ("Pls.' Mot."), in their

instant suit under the Federal Tort Claims Act, 28 U.S.C. §1346(b)(1), seeking money

damages as compensation for defendant's allegedly negligent failure to learn "of the existence

of [a] second invasive micro-camera in the twelfth-floor female restroom [of the Veterans'

Administration building at 801 Eye Street NW, in Washington, D.C.] and eliminate[] and

warn[] of the dangerous condition before Plaintiffs and other women were injured by it."

Compl. ¶ 22.  Plaintiffs further seek to have their joint declaration  ("Pls.' Jt. Decl.")

submitted in support of the motion filed under seal.  Pls.' Mot. to Seal a Portion of the

Record.  For the reasons set forth below, plaintiffs' motions are granted, subject to any further

consideration by the United States District Judge to whom this case is randomly assigned.[1]

---

[1]        *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to file a
pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be
sealed without an order from the Court.").

## I.       BACKGROUND

In January 2019, Alex Greenlee, a former employee of the U.S. Department of

Veterans Affairs (the "VA"), "entered the twelfth-floor female restroom at the VA building"

in Washington, D.C., and "installed two hidden micro-video cameras inside of restroom

stalls."  Pls.' Mem. Supp. Pls.' Mot. to Proceed Under Pseudonym and to Seal Other

Personally Identifiable Information ("Pls.' Mem.") at 2–3 (quoting Pls.' Jt. Decl. ¶ 7).

Greenlee's alleged purpose in doing so was to "secretly and surreptitiously record[] women

while they were using the restroom on the twelfth-floor of the building where they worked."

*Id.* at 3 (quoting Pls.' Jt. Decl. ¶ 7).

During the same period, plaintiffs worked as contractors with the U.S. Department of

Veterans Affairs at a VA building in Washington, D.C.  *Id.* at 2.  While so employed,

plaintiffs "used the VA building female restroom facilities, including the restroom on the

twelfth floor of the VA building, with a reasonable expectation of privacy and safety from

casual or hostile intrusions."  *Id.* (quoting Pls.' Jt. Decl. ¶ 5).  Plaintiffs did not know "or

work[] with Greenlee at the VA or elsewhere."  *Id.* (quoting Pls.' Jt. Decl. ¶ 6).

On January 25, 2019, plaintiffs first "learned that a woman who worked at the VA

building and regularly used the twelfth-floor restroom had discovered a micro-camera

surreptitiously hidden under the restroom stall next to her," *id.* at 3 (quoting Pls.' Jt. Decl. ¶

8), and reported the camera to the Federal Protective Service ("FPS"), a "division of the U.S.

Department of Homeland Security responsible for providing law enforcement protection for

federal facilities and their occupants."  *Id*.  The authorities identified Greenlee "as the

individual most likely to have installed the device," and he was "immediately removed from

the VA[,] . . . barred from reentry," and soon after arrested.  *Id*.  Women who used the

twelfth-floor restroom, including plaintiffs, "were assured it was safe" and continued to use it. *Id.* (quoting Pls.' Jt. Decl. ¶ 9).

On January 28, 2019, plaintiff J.S. discovered a second hidden micro-camera in a stall in the same twelfth-floor restroom that had apparently not been discovered and removed during the FPS search. *Id.* at 4 (quoting Pls.' Jt. Decl. ¶ 12). A forensic review of the two cameras' memory cards revealed that "the cameras captured recordings of Plaintiffs and other female workers entering the twelfth-floor restroom stalls and pulling down their pants, tights, or underwear to sit on toilets in the restroom." *Id.* (quoting Pls.' Jt. Decl. ¶13). FPS "has admitted that its officers failed to do a thorough search of the restroom for other cameras and failed to discover a second micro-camera hidden there that continued to record images of women who used the twelfth-floor restroom after January 25, 2019," and this act of negligence underlies plaintiffs' instant suit. *Id.* at 3–4.

Both plaintiffs, with two other victims, cooperated with authorities in the prosecution of Greenlee. *Id.* at 4. During this cooperation, law enforcement and the U.S. Attorney's Office for the District of Columbia kept their identities confidential, using only their initials as identifiers in documents filed in court in connection with the prosecution of Greenlee. *Id.* According to plaintiffs, "their identities were kept secret by the U.S. Attorney's office to prevent Greenlee from doing anything to retaliate against Plaintiffs for cooperating with his prosecution or otherwise further harm them and to spare Plaintiffs from public humiliation and trauma from the public revelation of their names in connection with Greenlee's crimes against them." *Id.* at 5 (citing Pls.' Jt. Decl. ¶15).

Greenlee ultimately pleaded guilty to four counts of "voyeurism – recording," and was sentenced, on November 26, 2019, to 120 days' incarceration and 30 months of probation. *Id.*

Plaintiffs believe that "Greenlee has now been released from prison and is in the community on probation." *Id.* (quoting Pls.' Jt. Decl. ¶17). They seek to proceed under pseudonym out of concerns that Greenlee will retaliate against them. *Id.* at 6.

## II.    LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P. 11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* at 326 (internal quotation marks and alterations

omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name and other filings may be redacted to protect privacy by limiting public access. *See, e.g.,* FED. R. CIV. P. 5.2 (a)(1)–(4) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.*  Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326.  In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III.    DISCUSSION

At this early stage in the litigation, this Court is persuaded that plaintiffs have articulated a legitimate concern for their personal safety, and thus have met the burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation.  Although plaintiffs' identities may have to be revealed for litigation purposes at a later point in the proceedings, for now, the public's interest in plaintiffs' identities is *de minimis* compared to their significant privacy and security interests.

First, as the description of plaintiffs' claim makes clear, plaintiffs do not seek to proceed under pseudonym "merely to avoid . . . annoyance and criticism," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." *In re Sealed Case*, 931 F.3d at 97.  Plaintiffs experienced a serious violation of their privacy at the hands of a specific individual who, having been sent to prison for his actions due in part to their cooperation with law enforcement authorities, is now released from prison.  "Both Plaintiffs fear Greenlee—he

6

behaves strangely and appears dangerous to them."  Pls.' Mem. at 6 (quoting Pls.' Jt. Decl. ¶

19).  This provides a legitimate ground for plaintiffs' concern about potential retaliation

against them by this individual.  They seek to protect themselves "against physical harm by

Greenlee and to protect their highly sensitive and personal information related to the

psychological injuries they have suffered and the medical treatment they have received

because of Defendant['s] negligence and Greenlee's criminal conduct."  *Id.* at 9–10.  Such

concerns rise well above the mere desire to "avoid . . . annoyance and criticism" stemming

from litigation.  *In re Sealed Case*, 931 F.3d at 97.

Second, plaintiffs have sufficiently alleged that disclosure of their identities "poses a

risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to

innocent non-parties."  *In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238).

Plaintiffs explain that if their names are publicly associated with the Complaint, "the risk of

Greenlee locating, and harming Plaintiffs[,] is very real."  Pls.' Mem. at 10.  Such risk is

exacerbated by the fact that "Greenlee will be involved in this litigation as a deposition and/or

trial witness."  *Id.*  As noted, plaintiffs both "fear Greenlee," who "behaves strangely and

appears dangerous to them," leading to their concern that "if Greenlee learns their names or

where they live that he will use this information to retaliate against them" as well as "their

families [and] property."  *Id.* at 10 (quoting Pls.' Jt. Decl. ¶19).  As such, "innocent non-

parties" would be affected by disclosure of plaintiffs' identities and could face similar harm,

as well.  *In re Sealed Case*, 931 F.3d at 97.

The third and fourth *James* factors weigh slightly against granting plaintiffs' motion.

*See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238).  Plaintiffs are both

adults and do not allege the interests of minor children are at stake.  Further, "there is a

heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329, as in this one.  While "[t]his public interest is intensified when . . . the party asking to proceed anonymously seeks to alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward," *id*., that is not the situation here.  *Cf. id.* (describing public interest as "particularly great" where regulated entity sued government agency regarding "special exemptions" from statutory obligations).  Rather, plaintiffs seek compensation for injuries they allegedly suffered from defendant's negligence.

Finally, the defendant would suffer no "risk of unfairness" if the plaintiffs' motion were granted.  *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Allowing the plaintiffs to proceed under pseudonym will have no impact on any private rights, as the only defendant is the United States government, *see* Compl. at 1, and "the United States knows the identities of the Plaintiffs as they participated with the U.S. Attorney's office in the prosecution of Greenlee," Pls.' Mem. at 14.  Thus, allowing the plaintiffs to proceed anonymously will not compromise the defendant's ability to defend this action.

In sum, weighed against the minimal apparent interest in disclosure, the plaintiffs' significant and "legitimate interest in anonymity" at this early stage in the litigation is more than sufficient to overcome "countervailing interests in full disclosure."  *In re Sealed Case*, 931 F.3d at 97.  Any general presumption in favor of open proceedings or public interest in disclosing the plaintiffs' identities is significantly outweighed by the potential retaliatory threat that such disclosure would entail.  *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information,

'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).  To the extent that the plaintiffs' identities must be revealed for litigation purposes, such decision to alter the pseudonymous order is at the discretion of the District Court judge randomly assigned to this case.

For the same reasons discussed above, plaintiffs' request to file under seal Exhibit A, their Joint Declaration containing "their full name[s], their full home address[es] and the facts that support the Complaint and this motion," Pls.' Mem. at 1, n.1, is also granted.

## IV.     CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion to Proceed Under Pseudonyms and to Seal Other Personally Identifiable Information and Motion to Seal a Portion of the Record are **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; it is further

**ORDERED** that plaintiffs may proceed with the case using the pseudonyms "K.J." and "J.S.;" it is further

**ORDERED** that the plaintiffs' Joint Declaration containing their real names and residential addresses be filed under seal; and it is further

**ORDERED** that defendant is prohibited from publicly disclosing the plaintiffs'

identities or any personal identifying information that could lead to the identification of the

plaintiffs by nonparties, except for the purposes of investigating the allegations contained in

the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: January 23, 2022

BERYL A. HOWELL
Chief Judge