UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

K.J., *et al.*,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 22-180 (JEB)

## MEMORANDUM OPINION

Pseudonymous Plaintiffs K.J. and J.S. were female contract employees at the United States Department of Veterans Affairs. During their time there, a VA employee surreptitiously recorded them and other women using two cameras hidden in a women's restroom. Plaintiffs thus bring the present action against the United States under the Federal Tort Claims Act for what they contend was the Government's negligent failure to discover the second camera or to warn Plaintiffs that it might exist.

Defendant moves to dismiss, arguing both that the discretionary-function exception to the FTCA's waiver of sovereign immunity bars the suit and that Plaintiffs' claim depends upon an untenable theory of premises liability. Because the Court is persuaded that the Government is correct, it will grant the Motion.

**I.**    **Background**

In setting forth the background here, the Court accepts as true at this stage all factual assertions alleged in Plaintiffs' Complaint and draws all reasonable inferences in their favor. See Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011).

1

In January 2019, Plaintiffs were employed by contractors for the VA, and they worked at the VA headquarters building. See ECF No. 4 (Compl.), ¶ 9. That month, then-VA employee Alex Greenlee installed two hidden micro-video cameras in the stalls of the twelfth-floor female restrooms in order to secretly record women using the facilities. Id., ¶ 13. A woman working in the building discovered one of these cameras on January 25, 2019, and reported its presence to the Federal Protective Service, the law-enforcement agency responsible for federal facilities like the VA. Id., ¶¶ 14–15.

Upon receiving that report, FPS seized the camera and identified Greenlee as the person likely responsible for its placement the same day. Id., ¶¶ 16–17. The VA immediately fired him and barred him from the premises, id., ¶ 17, and he was subsequently arrested and pled guilty to counts related to the recordings. Id., ¶ 19.

Plaintiffs allege that they were assured that the restroom was safe to use after the first camera was discovered. Id., ¶ 16. Despite these assurances and allegedly because of FPS's failure to conduct a thorough initial search for more cameras, Plaintiff J.S. discovered a second camera three days later beneath a different stall in the same restroom. Id., ¶¶ 18, 20. Subsequent analysis revealed that the cameras captured images of Plaintiffs and other victims using the restroom and that some of this footage was recorded by the second camera after the first had been discovered. Id., ¶ 21.

Plaintiffs filed this suit against the Government under the FTCA on January 23, 2022, seeking to recover for the "significant emotional distress, suffering, shame, physical injuries, . . . medical expenses[,] and other damages," id., that they suffered by way of the FPS's and the VA's alleged negligence. Id., ¶¶ 22–25. They allege in their sole count that the United States is vicariously liable for its failure to maintain its premises in a reasonably safe condition and to

warn Plaintiffs of the danger of voyeuristic recording in light of the first camera's discovery. Id., ¶¶ 22, 25. Defendant now moves to dismiss. See ECF No. 12 (Def. MTD).

**II.     Legal Standard**

Defendant's Motion invokes Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). When a defendant files a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the plaintiff generally "bears the burden of establishing jurisdiction by a preponderance of the evidence." Bagherian v. Pompeo, 442 F. Supp. 3d 87, 91–92 (D.D.C. 2020) (quoting Didban v. Pompeo, 435 F. Supp. 3d 168, 172–73 (D.D.C. 2020)); see Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The Court "assume[s] the truth of all material factual allegations in the complaint and 'construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" Am. Nat'l Ins. Co., 642 F.3d at 1139 (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)).

To survive a motion to dismiss under Rule 12(b)(6), conversely, a complaint must "state a claim upon which relief can be granted." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 552 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, id. at 555, "a complaint must contain sufficient factual matter, [if] accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). While a plaintiff may survive a Rule 12(b)(6) motion even if "'recovery is very remote and unlikely,'" the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555–56 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**III.     Analysis**

To properly set the stage, it is important to note that Plaintiffs seek to hold the United States liable only with regard to the second camera. They do not allege any negligence prior to the discovery of the first. In seeking dismissal here, the Government makes two independent arguments. It first contends that the Court lacks subject-matter jurisdiction under the discretionary-function exception to the FTCA's waiver of sovereign immunity. It further maintains that, as a matter of District of Columbia law, Plaintiffs have failed to state a claim for premises liability. The Court discusses each in turn.

A.     Subject-Matter Jurisdiction

Plaintiffs' suit invokes the FTCA, which waives the Government's sovereign immunity from tort claims when "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). An exception to this waiver, however, bars claims against the Government "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a).

An analysis of this discretionary-function exception involves two prongs, each of which the Government must satisfy to prevail. The first assesses "whether the challenged actions were discretionary, or whether they were instead controlled by mandatory statutes or regulations." United States v. Gaubert, 499 U.S. 315, 328 (1991). Where a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," id. at 322 (internal quotation marks omitted), "the employee has no rightful option but to adhere to the directive" and "[f]ailure to abide by such directives opens the United States to suit." Loughlin v. United

4

States, 393 F.3d 155, 163 (D.C. Cir. 2004) (quoting Berkovitz v. United States, 486 U.S. 531, 536 (1988)).

For those acts that "involve[] an element of judgment," id., and are thus discretionary, the Court next looks at whether they are "of the nature and quality that Congress intended to shield from tort liability." Id. (quoting United States v. S.A. Empresa de Viacao Aerea Rio Grandense, 467 U.S. 797, 813 (1984)). "The exception protects only those actions 'based on considerations of public policy' because its purpose 'is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" Bryant v. United States, No. 20-4, 2022 WL 2713269, at *2 (D.D.C. July 13, 2022) (quoting Gaubert, 499 U.S. at 323).

Even assuming that Plaintiffs' premises-liability count encompasses a negligent-investigation theory, the Court finds under the first prong of the Gaubert test that the procedures that the VA and FPS followed upon discovery of the first camera were discretionary. Courts generally treat the scope of security measures and criminal investigations as areas involving discretion. Singh v. S. Asian Soc'y of The George Wash. Univ., No. 06-574, 2007 WL 1521050, at *4 (D.D.C. May 21, 2007) ("The United States is correct that courts — both in this Circuit and elsewhere — generally treat decisions regarding security measures at government buildings as matters of discretion that cannot form the basis for a claim under the FTCA."); Haygan v. United States, 627 F. Supp. 749, 750 (D.D.C. 1986) ("[C]ourts have found providing building security a discretionary function."); Turner v. United States, 473 F. Supp. 317, 320 (D.D.C. 1979) ("The responsibility for determining and providing protective service in a GSA-maintained building" is a matter of discretion to be "made by GSA on a case-by-case basis"). This is because "the sifting of evidence, the weighing of its significance, and the myriad other decisions made during

5

investigations plainly involve elements of judgment and choice." Donahue v. United States, 870 F. Supp. 2d 97, 107 (D.D.C. 2012) (holding SEC investigation into Bernie Madoff barred by discretionary-function exception).

In order to rebut this general rule, Plaintiffs must be able to point to some "regulation or policies that prescribed a nondiscretionary duty," Bryant, 2022 WL 2713269, at *3, to thoroughly investigate the area where the camera was found for more recording devices. Yet they cite only provisions of the FPS training manual requiring officers to document crime scenes as necessary and to conduct accurate investigations. See ECF No. 18-1 (Pl. Opp.) at 17–20. That is insufficient to establish that FPS — and hence the VA — was under any such binding mandate. The decision not to search for more cameras was therefore a discretionary one.

So finding, the Court next turns to the question of whether decisions about the scope of an investigation like the one here are "based on considerations of public policy." Loughlin, 393 F.3d at 163. While "[d]etermining whether a decision is [based on considerations of public policy] is admittedly difficult, since nearly every government action is, at least to some extent, subject to 'policy analysis,'" Cope v. Scott, 45 F.3d 445, 448 (D.C. Cir. 1995), "[c]ourts have, nonetheless, generally found decisions that involve 'political, social, and economic judgments' to fit the bill." Bryant, 2022 WL 2713269, at *3 (quoting Berkovitz, 486 U.S. at 539). As the Government notes, "[E]ach FPS investigation is subject to policy considerations involving limited manpower, time, and funding." ECF No. 20 (Def. Reply) at 5. These are exactly the kinds of considerations that satisfy the second step of the Gaubert test. The Court accordingly concludes that it lacks subject-matter jurisdiction over Plaintiffs' suit, which is barred by the discretionary-function exception. See Bryant, 2022 WL 2713269, at *4 (dismissing failure-to-warn claim under discretionary-function exception).

6

B.    Premises Liability

There is an independent reason why dismissal is warranted.  Plaintiffs' theory is that the VA "should have known of the existence of the second invasive micro-camera in the twelfth-floor female restroom and eliminated and warned of the dangerous condition before Plaintiffs and other women were injured by it."  Compl., ¶ 22.  Yet this is insufficient to establish a cause of action for premises liability.

"To make out a prima facie case of liability predicated upon the existence of a dangerous condition it is necessary to show that the party against whom negligence is claimed had actual notice of the dangerous condition or that the condition had existed for such length of time that, in the exercise of reasonable care, its existence should have become known and corrected."  Sullivan v. AboveNet Commc'ns, Inc., 112 A.3d 347, 356 (D.C. 2015) (quoting Anderson v. Woodward & Lothrop, 244 A.2d 918, 918–19 (D.C. 1968)).  The problem for Plaintiffs is that their pleadings contain no allegation that the VA knew that there was a second camera.  Nor does the Complaint plausibly allege that the Government was put on the required notice by the discovery of the first camera.  In other words, in light of the perpetrator's removal from the building on the same day that the first camera was discovered, as well as the declaration from law enforcement that the restroom was safe to use, Plaintiffs plead no facts sufficient to imply that the VA should have foreseen the existence of a second camera.  As a matter of District of Columbia law, therefore, Plaintiffs have not plausibly pled premises liability.

\*     \*     \*

There can be no doubt that Plaintiffs here have suffered harm.  What Alex Greenlee did to them was a violation of their dignity and an invasion of their privacy.  The question before the Court, though, is whether the Government can be held liable for that harm.  Because Plaintiffs'

claims both cannot overcome sovereign immunity and do not establish premises liability, the Court must dismiss the case.

## IV.  Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss. A separate Order so stating will issue this day.

s/ *James E. Boasberg*  
JAMES E. BOASBERG  
United States District Judge

Date:  November 15, 2022